UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NICK LEE BISHOP, | ) | 1:08-cv-00219-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATION OF THE ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS |
| | ) | |
| JAMES A. YATES, Warden, | ) | (Doc. 1) |
| | ) | |
| Respondent. | ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on February 12, 2008. A preliminary review of the Petition, however, reveals that the petition may be untimely and should therefore be dismissed.

DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

///

dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on February 12, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

///

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1). Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998); Calderon v. United States Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998). In such circumstances, the limitations period would begin to run on April 25, 1996 and would expire on April 25, 1997. Patterson v. Stewart, 2001 WL 575465 (9th Cir. Ariz.).

Here, Petitioner provides scant information upon which the Court can perform its task of preliminarily screening the petition. Petitioner asserts that he was convicted on June 6, 1987, but has provided no information regarding his direct appeal. Since Petitioner's conviction occurred eight years before the enactment of the AEDPA, it seems reasonable to assume that any direct appeal would have also concluded prior to AEDPA's enactment. Thus, it is reasonable to assume that the operative one-year limitation period expired on April 25, 1997. The instant petition was filed on February 12, 2008, eleven years after the limitation period would have expired. Thus, it is untimely unless Petitioner is entitled to statutory tolling.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may

3

1   (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,
2   1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a
3   petitioner is preparing his petition to file at the next appellate level reinforces the need to present all
4   claims to the state courts first and will prevent the premature filing of federal petitions out of concern
5   that the limitation period will end before all claims can be presented to the state supreme court.  Id. at
6   1005.  However, the limitations period is not tolled for the time such an application is pending in
7   federal court.  Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).
8           This statutory tolling will apply if a state petition has been "properly filed."  Artuz v. Bennett,
9   531 U.S. 4, 8 (2000)(holding that a properly filed state application complies with the applicable laws
10  and rules governing filings, including the form of the application and time limitations).  A state
11  habeas petition is "pending" during a full round of review in the state courts, a period that includes
12  the time between a lower court decision and filing a new petition in a higher court as long as those
13  intervals are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-224 (2002).
14          In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a
15  petitioner begins a separate round of review "each time [he] files a new habeas petition at the same
16  or a lower level" of the state court system.  See also Nino, 183 F.3d at 1006-1007 (intervals tolled
17  between state court's disposition of a state habeas petition and the filing of "a petition at the next
18  state appellate level.").  There is no tolling for the period between sets or "rounds" of state habeas
19  petitions.  Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court
20  denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap
21  between first set of state petitions and second).  Nor is a petitioner entitled to continuous tolling
22  when the later petition raises unrelated claims.  Gaston v. Palmer, 447 F.3d 1165 (9th cir. 2006).
23  However, if the state supreme court denies a petition for failure to allege with sufficient particularity
24  facts warranting habeas relief and allows amendment to comply, petitioner will be entitled to tolling
25  for the period between denial and commencement of next series of petitions if the subsequent
26  petitions are limited to an elaboration of the facts relating to the claims in the first petition and the

---

instead file an original habeas petition in the Supreme Court.  See, id.

1 second petition is not denied as untimely. King v. Roe, 340 F.3d 821 (9th Cir. 2003).

2 The limitations period is not tolled for the period between finality of the appeal and the filing
3 of an application for post-conviction or other collateral review in state court since no state court
4 application is "pending." Nino, 183 F.3d at 1006-1007.   Nor is there tolling between finality and
5 the filing of a federal petition. Id. at 1007.  And, as mentioned previously, the one-year period is not
6 tolled during the pendency of a federal petition. Duncan, 533 U.S. at 181-182.

7 Here, Petitioner alleges that he filed state habeas petitions in the Fresno County Superior
8 Court, the California Court of Appeal, Fifth Appellate District ("5th DCA"), and the California
9 Supreme Court; however, he does not provide any filing dates.  The only decision dates he provides
10 are for his first state habeas petition in the Superior Court, which was apparently denied on October
11 4, 2004, and the denial by the California Supreme Court dated February 7, 2007, citing In Re
12 Robbins, 18 Cal.4th 770 (1998).  Without knowing the exact dates of filing of his state petitions, the
13 Court cannot determine how long the state habeas petitions were pending, and thus cannot determine
14 how much, if any, statutory tolling Petitioner might be entitled to.

15 Ultimately, however, such information may be irrelevant, since it appears that the statute
16 would have expired on April 25, 1997.  A petitioner is not entitled to tolling where, as appears here,
17 the limitations period has already run prior to filing his state habeas petitions. Green v. White, 223
18 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same);
19 Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation
20 of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180
21 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed
22 after expiration of the one-year limitations period).

23 Moreover, even after the last denial by the California Supreme Court on February 7, 2007,[1]

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.   Thus, although the Court's electronic filing system indicates that the Court received the petition on February 12, 2008, for purposes of calculating the AEDPA's one year limitation period, the Court will use the mailing date of February 7, 2008.

Petitioner waited for an entire year, until February 7, 2008, to mail the instant petition. Lastly, the denial itself cites <u>Robbins</u>, which is understood as a state procedural bar based on timeliness. Thus, under almost any calculation this Court can make, it appears that the instant petition is untimely and procedurally barred.

However, because it is possible that Petitioner has additional information that conceivably may entitle him to additional tolling, the Court, in perhaps an excess of caution, will permit Petitioner to provide any information he might have that is relevant to the Court's calculation of his one-year limitation period in his response to this Order to Show Cause. If the response does not provide additional grounds to toll the one-year statute beyond what has been discussed here, the Court will issue Findings and Recommendations to dismiss the petition as untimely.

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d). In his response, Petitioner may wish to provide the Court with additional information regarding the dates when state habeas petitions were pending, i.e., when they were filed, in which courts, and the dates of decision. Petitioner may also wish to provide the Court with information regarding the date, if any, when his direct appeal concluded following his 1987 conviction.

Petitioner is forewarned that his failure to comply with this order may result in Findings and Recommendations recommending that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **March 24, 2008**              /s/ Theresa A. Goldner
                                         UNITED STATES MAGISTRATE JUDGE