# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK LEE BISHOP,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES A. YATES, Warden,<br><br>        Respondent. | 1:08-cv-00219-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS (Doc. 1)<br><br>ORDER TO FILE OBJECTIONS WITHIN FIFTEEN DAYS |

### PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on February 12, 2008. (Doc. 1). After a preliminary review of the Petition indicated that the may be untimely and should therefore be dismissed, the Court issued an Order to Show Cause why the petition should not be dismissed as untimely and gave Petitioner thirty days to respond. (Doc. 5). After requesting and being granted an extension of time to respond, Petitioner filed his response on June 19, 2008. (Doc. 8). The Court has reviewed Petitioner's Response and finds nothing in that Response to alter the Court's original conclusion that the petition is untimely and must be dismissed.

### DISCUSSION

A. <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

1

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. <u>Herbst v. Cook</u>, 260 F. 3d 1039, 1041-1042 )9th Cir. 2001).

      B.  <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), <u>overruled on other grounds by</u> <u>Lindh v. Murphy</u>, 521 U.S. 320. The instant petition was filed on February 8, 2008, and thus is subject to the provisions of the AEDPA.[1]

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

///

---

[1] Petitioner asserts that he handed his state application for post-conviction relief to prison guards on February 8, 2008, and thus, the "mailbox" rule as outlined in <u>Houston v. Lack</u>, 487 U.S. 266, 108 S.Ct. 2379 (1988), applies. In <u>Houston v. Lack</u>, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. <u>Houston v. Lack</u>, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." <u>Miller v. Sumner</u>, 921 F.2d 202, 203 (9th Cir. 1990); <u>see</u>, <u>Houston</u>, 487 U.S. at 271, 108 S.Ct. at 2382. Thus, the Court will use the date of February 8, 2008, not the actual filing date used by the Court, to calculate the petition's timeliness.

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review becomes final. The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1). In such circumstances, the limitation period would begin to run on April 25, 1996 and would expire on April 25, 1997. Patterson v. Stewart, 251 F.3d 1243, 1245-1246 (9th Cir. 2001).

Here, Petitioner's response to the order to show cause alleges that he was sentenced on his guilty plea on July 1, 1987. (Doc. 8, p. 1). Petitioner acknowledges that he did not appeal his conviction, contending that he "did not see 'any need or reason to appeal the judgment.'" (Doc. 8, p. 2). Pursuant to former Rule 31of the California Rules of Court, Petitioner had sixty days, or until August 31, 1987, in which to file a notice of appeal. People v. Mendez, 19 Cal. 4th 1084, 1094-1095, 81 Cal.Rptr.2d 301 (1999). Because Petitioner did not file a notice of appeal, his conviction became final on August 31, 1987, when the sixty-day period for filing a notice of appeal expired. Since Petitioner's conviction became final eight years *before* the enactment of the AEDPA, the limitation period began to run on April 25, 1996 and expired on April 25, 1997. Patterson, 251 F. 3d at 1245-1256.

The instant petition was filed on February 8, 2008, over eleven years after the limitation period would have expired. Thus, the petition is untimely unless Petitioner is entitled to statutory tolling.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

3

pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitation period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Nino, 183 F. 3d at 1005. However, the limitation period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

Statutory tolling will apply if a state petition has been "properly filed." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000)(holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations). A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-224 (2002).

In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review). Nor is a petitioner entitled to continuous tolling when the later petition raises

---

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

4

unrelated claims. Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006). However, if the California Supreme Court denies a petition for failure to allege with sufficient particularity facts warranting habeas relief and allows amendment to comply, petitioner will be entitled to tolling for the period between denial and commencement of next series of petitions if the subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition and the second petition is not denied as untimely. King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).

The limitation period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." Nino, 183 F.3d at 1006-1007. Nor is there tolling between finality and the filing of a federal petition. Id. at 1007. And, as mentioned previously, the one-year period is not tolled during the pendency of a federal petition. Duncan, 533 U.S. at 181-182.

Here, Petitioner alleges that he filed a state habeas petition in the Fresno County Superior Court on September 19, 2004, and the petition was denied on October 5, 2004. (Doc. 8, p. 4 ). Petitioner then filed a petition in the California Court of Appeal, Fifth Appellate District ("5th DCA") on February 2, 2005, and the petition was denied in June 2005. (Id. at p. 5). Finally, Petitioner filed a petition in the California Supreme Court on July 25, 2006, and the petition was denied on February 7, 2007. (Id.). Petitioner then waited exactly one year, until February 7, 2008, to file the instant petition.

Based on this chronology, there is no need for the Court to determine whether Petitioner's state habeas petitions were properly filed under the AEDPA for tolling purposes, because they do not afford Petitioner any statutory tolling. A petitioner is not entitled to tolling where, as here, the limitation period has *already run* prior to filing his state habeas petitions. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820, 822 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitation period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitation period). As mentioned, the one-year period expired on April 25, 1997, but the first state habeas petition was not filed until September 19, 2004,

1  some seven and one-half years later.  Thus, the state habeas petitions are not entitled to statutory
2  tolling under the AEDPA.
3       Petitioner maintains, however, that he did not discover the factual basis for his claim that
4  Respondent had violated his plea agreement until sometime in June 2004, when Petitioner overheard
5  a discussion about another prisoner's violated plea bargain and inquired about it.  (Doc. 8, p. 3).
6  Thereafter, Petitioner discussed the matter for "several days" and had a fellow inmate review
7  Petitioner's court documents.  (Id.).  Finally, some fifty days "after petitioner realized that he had
8  meritorious grounds for relief," he delivered his first state habeas petition to prison authorities.  (Id.).
9       Under the AEDPA, the one-year statute commences from the later of several dates, one of
10 which is"the date on which the factual predicate of the claim or claims presented could have been
11 discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Under Petitioner's
12 reading of this statute, the one year limitation period begins when a prisoner actually understands
13 what legal theories are available to him.  However, this interpretation is incorrect.  The one year time
14 limit commences on the date the "factual predicate of the claim or claims presented could have been
15 discovered through the exercise of due diligence," not when it was <u>actually</u> discovered by the
16 petitioner.  In addition, the trigger in § 2244(d)(1)(D) is the discovery (actual or imputed) of the
17 claim's "factual predicate," <u>not</u> the recognition of the facts' legal significance.  Stated differently, the
18 time begins when the prisoner knows (or through diligence could discover) the important facts, not
19 when he recognizes their legal significance.
20      While it seems apparent that Petitioner was well aware of the factual predicate to his
21 claim–though, perhaps, not of the legal significance of those facts–, it is nevertheless difficult to
22 conceive how even Petitioner's failure to recognize the underlying legal significance of his plea
23 bargain and sentence for a period of fourteen years could ever be construed as the "exercise of due
24 diligence."  Fortunately, the Court need not make a specific finding on that point, because, even
25 assuming that the one-year statute of limitations did not commence until some time in the summer of
26 2004, Petitioner *still* waited an entire year between the California Supreme Court's denial of his last
27 petition and the filing of the instant federal petition.  By Petitioner's own admission, he also waited
28 some fifty days <u>after</u> discovering his claim before filing the first state habeas petition.  Adding this

1  fifty-day period to the 365 days he waited after the California Supreme Court's denial, it is
2  undisputed that Petitioner waited at least 415 days from the date of discovery of the factual predicate
3  to the filing of this petition, even when Petitioner is fully credited for statutory tolling during the
4  pendency of his three state habeas petitions.  This 415-day period far exceeds the time for filing
5  provided by the AEDPA.  In other words, even giving Petitioner the benefit of the doubt as to *all* of
6  his assertions, the petition is untimely.

7        D.   Petitioner Is Not Entitled To Equitable Tolling

8        The limitation period is subject to equitable tolling if "extraordinary circumstances beyond a
9  prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.
10 Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United States, 107
11 F.3d 696, 701 (9th Cir. 1997)); Calderon v. United States District Court (Beeler), 128 F.3d 1283,
12 1288 (9th Cir. 1997)(noting that "[e]quitable tolling will not be available in most cases, as
13 extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control
14 make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack
15 of diligence, account for the failure to file a timely claim, equitable tolling of the statute of
16 limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

17       Petitioner implicitly maintains that he is entitled to equitable tolling because of his claim of
18 actual innocence.  (Doc. 8, pp. 6-7).  Neither the Supreme Court nor the Ninth Circuit has addressed
19 whether there is an actual innocence exception to a violation of § 2244(d)'s limitation period.  The
20 Ninth Circuit has only excused a violation of the limitation period in cases where the petitioner was
21 entitled to equitable tolling.  See Calderon v. United States Dist. Court (Beeler), 128 F.3d at 1287-
22 1289.

23       Even if the Court were to conclude that an actual innocence exception to a violation of the
24 limitation period existed, Petitioner has not met the standard for actual innocence.  Petitioner must
25 show that the alleged constitutional error "has probably resulted in the conviction of one who is
26 actually innocent." Bousley v. United States, 118 S.Ct. 1604, 1611, 118 S. Ct. 1604 (1998)(quoting
27 Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639 (1986)).  Petitioner must demonstrate that in
28 light of the evidence no reasonable juror would have found him guilty.  Schlup v. Delo, 513 U.S.

1  298, 329, 115 S.Ct. 851 (1995).  Here, Petitioner admitted his guilt when he pleaded guilty in 1987.
2  Moreover, Petitioner's other claims, e.g., ineffective assistance of counsel and breach of the plea
3  agreement, raise only legal questions regarding the original proceedings, not factual questions
4  regarding Petitioner's guilt or innocence.  Petitioner has provided no further evidence or allegations
5  to support his claim of actual innocence.  Petitioner cannot avail himself of equitable tolling upon his
6  mere assertion of innocence.
7        The instant petition presents no circumstances sufficient to justify equitably tolling the
8  limitation period.  Accordingly, the petition is untimely and must be dismissed.

## RECOMMENDATIONS

10        Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of
11  habeas corpus be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year
12  limitation period.
13        These Findings and Recommendations are submitted to the United States District Judge
14  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).  Within fifteen
15  (15) days after being served with a copy, any party may file written objections with the Court and
16  serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's
17  Findings and Recommendations."  The District Judge will then review the Magistrate Judge's ruling
18  pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within
19  the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951
20  F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 25, 2008**                    /s/ Theresa A. Goldner
                                            UNITED STATES MAGISTRATE JUDGE